UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M JOHNSON,<br><br>               Plaintiff,<br>    v.<br><br>UNITED STATES, et al.,<br><br>               Defendants. | Case No. C21-5225 RJB<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1, 6. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 6. In light of the deficiencies in the complaint, it appears that plaintiff's complaint is subject to dismissal. The Court will provide plaintiff the opportunity – by August 13, 2021 – to show cause why plaintiff's complaint should not be dismissed.

## FACTUAL BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of her constitutionally protected rights. Dkt. 1. Plaintiff names as defendants, the United States, Tacoma Police Department and a Tacoma Police Officer that plaintiff identifies as Ramaoz. Dkt. 1. The proposed complaint alleges that the Tacoma Police Department and individual unnamed officers failed to perform their duty to protect and serve, failed

ORDER TO SHOW CAUSE - 1

1 to appear for court proceedings and discriminated against plaintiff. Dkt. 1 at 1. Plaintiff

2 states that the incidents underlying this action occurred between November 25, 2003

3 and March 28, 2021. *Id.*

4     The proposed complaint alleges that police officers assisted an unidentified

5 person to commit crimes. Dkt. 1 at 1. Plaintiff also states that the officers'

6 "impropriet[ies]" include "conduct that violates the law, court rules, or provisions of this

7 Code, and conduct that undermines a judge's independence, integrity, or impartiality."

8 *Id.*

9     Plaintiff states that she is an employee of "Wsdot Judiciary Department" and that

10 unnamed officers negligently placed her life at risk. Dkt. 1 at 2. The complaint alleges

11 that the defendants violated plaintiff's constitutionally protected rights by violating

12 "housing laws." *Id.*

13     Plaintiff also contends the defendants violated plaintiff's Fourth Amendment

14 rights by unlawfully arresting her, taking her property and unlawfully searching plaintiff.

15 *Id* at 2-4. Finally, the complaint states that defendants are liable for participating in court

16 proceedings in the incorrect jurisdiction, violating her liberty, wasting government funds,

17 defamation, false reporting and failing to investigate. *Id* at 4.

18     Plaintiff's complaint contains an attachment in which plaintiff states that Fed Ex

19 and the United States Postal Service have committed mail fraud against plaintiff

20 because items she ordered online were not delivered. Dkt. 1 at 7.

21                       DISCUSSION

22     The Court must dismiss the complaint of a litigant proceeding *in forma pauperis*

23 "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii)

24

25

ORDER TO SHOW CAUSE - 2

"fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain

ORDER TO SHOW CAUSE - 3

more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

*Bivens* actions are the judicially crafted counterpart to Section 1983, allowing a plaintiff to sue individual <u>federal</u> officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged

ORDER TO SHOW CAUSE - 4

deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens.*" *Id.*

A. <u>Individual Defendants</u>

Plaintiff has failed to allege a factual basis upon which plaintiff claims any individual defendant is liable. Plaintiff's complaint baldly asserts that her rights have been violated, without explaining whether any specific person allegedly acted, or failed to act in any way that is related to those violations. Nor does she allege any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions allegedly caused a deprivation of her rights. These vague and conclusory allegations of wrongdoing without factual support are insufficient to state a cause of action against any defendant. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

B. <u>Tacoma Police Department</u>

Pursuant to Fed. R. Civ. P. 17(b)(3), an entity's capacity to sue or be sued is determined by the laws of the state where the Court is located. Under Washington law, when bringing a claim challenging the actions, policies or customs of a local governmental unit, the proper party is the county or city, not the particular municipal department that allegedly committed the violation. *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990). Accordingly, the Tacoma Police Department is not a legal entity capable of being sued, instead the proper party for an action based on the conduct of the Tacoma Police Department is the City of Tacoma.

Plaintiff's complaint fails to allege a cause of action against the City of Tacoma. While municipalities are subject to suit under Section 1983, *Monell v. New York City*

*Dept. of Social Services*, 436 U.S. 658, 690 (1978), they may only be liable if their policies or customs are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To state a claim against a municipal entity, a plaintiff must show that the defendant's employees or agents acted through an official custom, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91*; Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

Plaintiff's proposed complaint fails to allege facts that the City of Tacoma's Police Department policies or customs were the moving force for the alleged constitutional violations or that the Tacoma Police Department ratified any unlawful conduct.

Accordingly, plaintiff's complaint fails to state a claim against the City of Tacoma.

C. United States

The United States, as a sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The Federal Tort Claims Act (FTCA) functions as consent to be sued, allowing plaintiffs to seek damages from the United States for certain torts committed by federal employees. *Simmons v. Himmelrecih*, __ U.S. __, 136 S. Ct. 1843, 1845 (2016). The FTCA bars claimants from bringing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States*, 508 U.S. 106, 112-13 (1993).

It appears that plaintiff is attempting to bring suit under the Federal Tort Claims Act, however, plaintiff does not provide any indication whether she has exhausted her administrative remedies. Accordingly, plaintiff's FTCA claims would be barred until she exhausts her administrative remedies.

ORDER TO SHOW CAUSE - 6

CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why her complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **August 13, 2021.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 22nd day of July, 2021.

Theresa L. Fricke
United States Magistrate Judge